THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MODESTO VILLARRUBIA SÁNCHEZ, Defendant and Appellant.

No. 15349. Argued June 5, 1953.—Decided June 15, 1953.

*José Veray, Jr.,* and *Sandalio García Ducós* for appellant. *José Trías Monge, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Rafael L. Ydrach Yordán, Assistant Fiscal,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

This is an appeal from a judgment rendered against appellant by the former District Court of Puerto Rico, Aguadilla Section, for violation of Act No. 82 of May 4, 1948, (Sess. Laws, p. 184) which prohibits the manufacture, possession, use, sale, and transportation of the chemical contrivances generally known as firecrackers, torpedoes, strings of firecrackers, nigger-chasers, or any other of a similar kind. The information charged appellant with "having in his possession on or about December 3, 1951, . . . unlawfully, voluntarily and with malice ninety-nine (99) chemical contrivances generally known as small skyrockets." The case was heard on the merits after dismissing appellant's demurrer to the information.

The appellant contends that the judgment should be reversed, charging the court with several errors, among them, that it erred in dismissing his demurrer to the information. We need only to discuss said assignment in order to decide the appeal.

Section 1 of the above-mentioned Act provides as follows:

"The manufacture, possession, use, sale, and transportation of the chemical contrivances generally known as firecrackers, torpedoes, strings of firecrackers, nigger-chasers, and any other similar chemical contrivances, are hereby prohibited in Puerto Rico."

Appellant urges that the information is defective because it was not alleged "that the small skyrockets constitute a chemical contrivance similar to firecrackers, torpedoes, strings of firecrackers or to nigger-chasers." The *Fiscal* acquiesces with appellant's contention, and states in his report that:

"In order that the use, transportation, sale or possession of the chemical contrivances not listed expressly in the statute constitute a public offense under Act No. 82, *supra,* said chemical contrivances must be similar to the firecrackers, torpedoes, strings of firecrackers and nigger-chasers. That is to say, they

must be comprised within the standard established by the statute since the prohibition does not include all chemical contrivances produced by the pyrotechnic art.

"Hence, in order for an information to state facts constituting an offense under § 1 of Act No. 82, *supra*, —if the chemical compound is not of the kind expressly listed—it must be alleged that it is similar to them, or describe it in such a way that from said description the required similarity appears."

We agree with appellant's contention and with the statement of the *Fiscal*. It must be noted that § 1 of Act No. 82 of May 4, 1948, specifically lists certain chemical contrivances, and then refers to *any other similar chemical contrivances*. Therefore, in order for an information to state facts constituting a violation of said Section, it is necessary that the information specify one or more of the chemical contrivances expressly mentioned in the Act, or one or more similar chemical compounds, which should be described. *People* v. *Jiménez*, 74 P.R.R. 237. Consequently, the information is defective, and the demurrer should have been sustained.

The judgment will be reversed and the case remanded to the Superior Court, Aguadilla Section, to determine whether an amended information should be filed, or whether further proceedings not inconsistent with this opinion should issue.